FILED
U.S. DIST. COURT
SAVANNAH DIV.
2007 JUN 15 P 4: 30
CLERK
SO. DIST OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY GEORGE HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-029 |
| ) | |
| THE CITY OF SAVANNAH, ) | |
| SAVANNAH-CHATHAM COUNTY ) | |
| METROPOLITAN POLICE DEPT., ) | |
| DAN FLYNN, Chief of Police, and ) | |
| OFFICER JIM MILLER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On March 14, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that Savannah police officer Jeff Miller used excessive force upon apprehending plaintiff following a foot chase. According to the complaint, although plaintiff "surrendered immediately" after he tripped and fell in an alley, Officer Miller "began to beat and batter" plaintiff, fracturing his nose and vertebrae in his

2

neck and back. The officer then allegedly denied plaintiff necessary medical assistance for his injuries.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002); see Graham v. Connor, 490 U.S. 386, 394-95 (1989). Furthermore, an officer violates a detainee's "Fourteenth Amendment right to due process if he acts with deliberate indifference to the serious medical needs of the detainee." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997). An officer acts with "deliberate indifference" when he knows that a detainee is in "serious need of medical care" and does not obtain medical care for that detainee. Id. Plaintiff's allegations, therefore, are sufficient to allege a cause of action under § 1983 against Officer Miller.

Plaintiff also names the City of Savannah as a defendant. While a municipality is a legal entity amenable to § 1983 lawsuit, it may not be liable under § 1983 absent a showing that a custom, pattern, or practice of the city or county resulted in the deprivation of a plaintiff's constitutional rights. Monell v. New York City Dep't of Social Servs., 436

3

U.S. 658, 691 (1978); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). A city or county cannot be held vicariously liable for the actions of its officers or employees. Monell, 436 U.S. at 691. Here, plaintiff cites no custom, pattern, or practice of the city or county in his complaint. The City of Savannah should be dismissed from this suit.

The Savannah-Chatham County Metropolitan Police Department, also named as a defendant, is not an entity subject to suit under § 1983. See Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department not capable of being sued)); Powell v. Cook County Jail, 814 F. Supp. 757 (N.D. Ill. 1993) (holding that county jail is not a recognized legal entity under state law and it is not a "person" subject to suit under § 1983). Further, plaintiff does not make any factual allegation against the police department in his complaint, but rather suggests that he is attempting to state a respondeat superior

claim for the actions of the department's employee, a claim not cognizable under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell, 436 U.S. at 691. Accordingly, the Savannah-Chatham County Metropolitan Police Department should be dismissed from this suit.

Similarly, as plaintiff does not make any factual allegation against Dan Flynn, Chief of Police, in his complaint, (again suggesting that he is attempting to state a respondeat superior claim against the officer's supervisor), Flynn should be dismissed from this suit.

IT IS RECOMMENDED that the City of Savannah, the Savannah-Chatham County Metropolitan Police Department, and Dan Flynn be DISMISSED as defendants to this action. The Clerk is DIRECTED to forward a copy of plaintiff's complaint and this Report and Recommendation to the Marshal for service upon defendant Officer Jim Miller.

**SO REPORTED AND RECOMMENDED** this 15th day of **June, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA